NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4281
_____

ANDRZEJ PORWISZ,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200-441-504)
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 19, 2015

Before:  FUENTES, GREENAWAY, JR., and SLOVITER, *Circuit Judges*.

(Opinion filed: August 31, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SLOVITER, *Circuit Judge*.

Petitioner Andrzej Porwisz ("Petitioner") admittedly overstayed his nonimmigrant visa, and in September of 2010, the Department of Homeland Security ("DHS") initiated removal proceedings against him. An Immigration Judge ("IJ") ultimately granted Petitioner's request for voluntary departure and alternatively ordered his removal if he did not comply with the terms of the grant of voluntary departure. Petitioner appealed the voluntary departure order. The Board of Immigration Appeals ("BIA") dismissed his appeal, and he petitioned for review by this court. Petitioner contends that the BIA erred in failing to address his arguments regarding section 212(a)(9)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(9)(B)(i)(II), which provides, in pertinent part, that "[a]ny alien . . . who . . . has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States, is inadmissible." Petitioner argues that that he is not subject to this provision and that the DHS's interpretation of this provision as barring his readmission for 10 years is incorrect. We conclude that Porwisz's petition for review is moot and is not ripe for review, and we will dismiss the petition for review.[1]

I.

Petitioner is a native of Poland who entered the United States on approximately August 24, 2002, on a nonimmigrant visitor visa, which authorized him to remain in the

---

[1] The BIA had jurisdiction over Petitioner's appeal pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15.

United States for a temporary period of time not to extend beyond February 23, 2003. Petitioner did not depart in February 2003.

On October 11, 2007, Edison Machine LLP filed an application for a permanent employment certification on Petitioner's behalf, and the U.S. Department of Labor approved this application on December 3, 2007. On approximately April 29, 2008, Edison Machine LLP also filed an I-140 immigrant petition for an alien worker, which was approved on December 11, 2008.

In January, 2010, Petitioner filed an I-485 application for adjustment of status pursuant to section 245(i) of the INA, 8 U.S.C. § 1255(i), with the DHS. The DHS denied this application because his documents in support of that application did not demonstrate "that [he] maintained lawful nonimmigrant status beginning on February 23, 2003 and ending on January 6, 2010." A.R. at 112-13. Thereafter, on September 10, 2010, the DHS commenced removal proceedings against Petitioner pursuant to section 237(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B).

Petitioner, with the representation of an attorney, appeared before an IJ three times between November 30, 2010, and February 14, 2013. During these hearings, Petitioner conceded removability and sought voluntary departure. However, Petitioner also renewed his application for adjustment of status despite his recognition that he was not eligible for such adjustment. Petitioner openly admitted that the purpose of this application was to create an appealable issue so that he could challenge at the appellate level the DHS's interpretation of the "unlawful presence" bar in

8 U.S.C. § 1182(a)(9)(B)(i)(II) as applying to those departing pursuant to voluntary departure orders.[2] Petitioner did not request the IJ to address his arguments regarding the inapplicability of § 1182(a)(9)(B)(i)(II) to voluntary departure orders in the first instance. During the final hearing on February 14, 2013, the IJ issued an oral ruling granting the application for voluntary departure, giving Petitioner until April 15, 2013 to depart and imposing an alternative removal order to Poland (in the event that Petitioner did not comply with the voluntary departure order). The IJ did not address the adjustment of status issue any further, aside from marking that application as "withdrawn" on the order sheet. The IJ noted that Petitioner reserved an appeal.

On March 7, 2013, Petitioner filed his appeal to the BIA. In his appeal, Petitioner did not address the adjustment of status issue and instead challenged DHS's interpretation of the "unlawful presence" bar of § 1182(a)(9)(B)(i)(II). The BIA dismissed the appeal on October 6, 2014. The BIA reasoned that while the IJ "did not fully address [Petitioner's] renewed application for adjustment," the BIA had "no reason to reverse [the IJ's] decision or remand for further proceedings, since [Petitioner] does not appear to challenge the DHS' denial of his application for adjustment on appeal." A.R. at 3. As to Petitioner's arguments concerning § 1182(a)(9)(B)(i)(II), the BIA stated that it "need not address [these] arguments concerning admissibility with respect to any future application for re-admission, as the issue is not properly before us." *Id.* However, the BIA noted

---

[2] Petitioner sought review of an issue relating to voluntary departure, but voluntary departure orders are not appealable. Thus, to pursue his appeal, Petitioner sought to use the denial of his adjustment of status application as a vehicle for appealing the voluntary departure readmission issue.

that it had previously stated in *Matter of Arrabally*, 25 I & N Dec. 771, 774 (BIA 2012), that the inadmissibility provisions of § 1182(a)(9)(B)(i)(II) applied to aliens who depart under a grant of voluntary departure. For these reasons, the BIA dismissed the appeal. Petitioner filed a timely petition for review.

## II.

We must consider whether we can address Petitioner's arguments regarding 8 U.S.C. § 1182(a)(9)(B)(i)(II) despite his failure to leave the United States in compliance with his voluntary departure order. The BIA warned Petitioner that pursuant to 8 C.F.R. § 1240.26(i), a grant of voluntary departure terminates upon an alien's filing of a petition for review before departing the United States.[3] The United States Attorney General ("Respondent"), argues that the issues raised in the instant petition for review, which consider the effects of a voluntary departure order, are moot because Petitioner's filing of a petition for review while remaining in the United States terminated his voluntary departure order. Respondent states, "because Petitioner no longer has the option of

---

[3] 8 C.F.R. § 1240.26(i) provides:

> Effect of filing a petition for review. If, prior to departing the United States, the alien files a petition for review pursuant to section 242 of the Act (8 U.S.C. 1252) or any other judicial challenge to the administratively final order, any grant of voluntary departure shall terminate automatically upon the filing of the petition or other judicial challenge and the alternate order of removal entered pursuant to paragraph (d) of this section shall immediately take effect, except that an alien granted the privilege of voluntary departure under 8 C.F.R. 1240.26(c) will not be deemed to have departed under an order of removal if the alien departs the United States no later than 30 days following the filing of a petition for review, provides to DHS such evidence of his or her departure as the ICE Field Office Director may require, and provides evidence DHS deems sufficient that he or she remains outside of the United States. . . .

5

leaving the United States in accordance with the terms of his voluntary departure order, he has no personal stake in this Court's resolution of th[is] issue." Respondent's Br. at 12-13. Respondent further contends that the BIA properly declined to consider the issue raised in the petition regarding the applicability of § 1182(a)(9)(B)(i)(II) because the issue was not properly before it and the BIA's policy is to avoid issuing advisory opinions. *See BIA Practice Manual* § 1.4(d)(iii), *available at* http://www.justice.gov/eoir/board-immigration-appeals-2.

Petitioner responds that the BIA should not have declined to address his arguments based on his failure to leave the country and apply for readmission because, had he done so, the issue would not have been reviewable as a result of 8 C.F.R. § 1003.4 and the doctrine of consular nonreviewability. *See Kleindienst v. Mandel*, 408 U.S. 753, 769-70 (1972) (stating that where Congress has delegated the exercise of its power to make rules for the exclusion of aliens to the Executive, and "the Executive exercises this power negatively on the basis of a facially legitimate and bona fide reason, the courts will [not] look behind the exercise of that discretion"). Pursuant to 8 C.F.R. § 1003.4:

> Departure from the United States of a person who is the subject of deportation or removal proceedings . . . subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

Thus, if Petitioner left the United States in compliance with his voluntary departure order, his appeal would be deemed withdrawn. Petitioner argues that we should consider his petition for review despite the fact that his petition appears to be moot and not ripe for review, based on the procedural difficulties described above.

6

If the issues in a case "have become moot, *i.e.*, are no longer 'live,' the case will be moot and therefore nonjusticiable." *Pennsylvania v. Lockheed Martin Corp.*, 681 F.3d 503, 506 (3d Cir. 2012). The case or controversy requirement of Article III of the Constitution requires "'(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.'" *Id.* at 506-07 (quoting *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003)).

The Supreme Court has instructed that the "basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). We must consider the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149. A court making a "fitness for review" determination must "consider[] whether the issues presented are purely legal, and the degree to which the challenged action is final. A court must consider whether the claims involve uncertain and contingent events that may not occur as anticipated or may not occur at all." *Comite' De Apoyo A Los Trabajadores Agricolas v. Perez*, 774 F.3d 173, 183 (3d Cir. 2014).

We agree with Respondent that, because of the operation of 8 C.F.R. § 1240.26(i), the issue of whether § 1182(a)(9)(B)(i)(II) applies to voluntary departure orders is moot as to Petitioner. We also agree with the BIA's determination that this issue was not properly before it. The Petitioner did not voluntarily depart and apply for readmission, so

7

therefore, the issue is not ripe for us to consider whether the ten-year bar for readmission under § 1182(a)(9)(B)(i)(II) applies to aliens that voluntarily depart from the United States. Accordingly, we must dismiss Petitioner's petition for review.[4]

III.

For these foregoing reasons, we will dismiss the petition for review.

---

[4] We fully understand the procedural difficulties that an alien that voluntarily departs and wishes to challenge the applicability of 8 U.S.C. § 1182(a)(9)(B)(i)(II) will face, but in order for this court to exercise jurisdiction there must be a live controversy that is ripe for review. No such controversy is present in this case.